| State | |
|---|---|
| vs. | Ind. No. 17126. |
| Alfred Cairo | |

### February 7, 1934.

JOSLIN, J. Heard on defendant's motion for a new trial following a conviction by the jury on the charge of assault upon one Pasquale Vitucci with a dangerous weapon.

The defendant does not deny the assault. He does deny, however, that the weapon used was dangerous and he asserts that the assault was justified in the defense of his life or of threatened serious bodily harm.

The assault occurred on the evening of September 23, 1933, at or near the scene of a certain fireworks display. The State contends that in response to a message delivered by the defendant to Vitucci, the latter approached defendant's uncle; that there ensued some argument resulting in a fist fight between the defendant and Vitucci; that the defendant's father then appeared and attacked Vitucci; that Vitucci then left the defendant and

turned on his father; that as he did so, the defendant stabbed Vitucci with a knife in the back, inflicting a cut about one-half inch in length. The defendant immediately fled the State but voluntarily returned some five or six weeks later.

The defendant had once been employed by Vitucci. On the evening in question, he states that he went to the scene of the trouble where he expected to see Vitucci and request the payment of some money he claimed to be due him; that he met Vitucci and asked for his money; that thereupon Vitucci assaulted him and had him by the neck, shouting to him; "I blow your brains out" that, remembering he had a finger nail file in his vest pocket, he reached for it and stabbed Vitucci with the file, inflicting the wound above referred to. He denies using a knife.

The defendant admitted he ran away. There is no evidence of a gun or other weapon in the possession of Vitucci.

Vitucci denied owing the defendant any money and presented his books of account wherein it appeared that the defendant had been paid in full.

The wound was on the left side of of the back and it is highly improbable, if not physically impossible, for the wound to have been inflicted in the manner described by the defendant. Such a wound might have been made by either a knife or a finger nail file. In the opinion of the Court the weapon used was a knife.

It is significant that neither the defendant's father nor his uncle appeared to testify for the defendant, nor was their absence explained.

The assault with a weapon, either a knife or a nail file, was clearly and unquestionably proved. Judging from the manner in which the weapon was used, it was likely to produce death or great bodily injury. Hence, it was a dangerous weapon.

It was for the defendant to prove by a preponderance of the evidence that he was justified in making the assault. This he clearly failed to do. In the opinion of the Court, the defendant's guilt was proved beyond a reasonable doubt.

One of the reasons assigned by the defendant for a new trial is newly discovered evidence. In support of this ground, the defendant, on the day of the hearing upon this motion, filed one affidavit of two persons, in which they state that on the day in question they were walking towards the fireworks display and heard yells and saw a commotion; that when they got there, they saw Vitucci with both hands around the defendant's throat; that the defendant's father had run away with Vitucci after him and that they heard Vitucci yell * * * "that he would have his head blown off."

Rule 20 of the Superior Court rules provides that affidavits shall be filed at least five days before the date set for hearing on a motion for a new trial. Nevertheless, the Court received the affidavits and has given them serious consideration. In our opinion. they are no more than cumulative evidence, or evidence of matters regarding which there was no dispute at the trial. Moreover, the affidavits are significantly silent on the manner in which the weapon was used, although if the affiants were present, as they say they were, they would have been in a position to see it. Furthermore, no sufficient and convincing explanation is offered for their not being called as witnesses at the trial. The affidavits do not furnish sufficient ground for granting the motion.

The motion for a new trial is denied.

For State: Second Assistant Attorney General, John H. Nolan.

For defendant: G. William Grande.